# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ANGELIA J. SKEEN, )
)
        Plaintiff, )
)
v. ) No. 10-4037-SSA-CV-C-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
        Defendant. )

## ORDER

Plaintiff Angelia J. Skeen seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. The parties' briefs are fully submitted, and an oral argument was held on March 1, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006). In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. Id. Although the court may not, "rubber stamp" the Commissioner's decision, the court may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987);

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker at 892.  As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it.  Baker at 892.

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; the claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of the claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Angelia J. Skeen (hereinafter "Skeen") alleges she became disabled beginning May 28, 2005, at the age of 44.  Skeen claims disability due to diabetes, high blood pressure, and asthma.  At the time of her hearing before the Administrative Law Judge (hereinafter "ALJ"), Skeen was 46 years of age, and testified she was 5 feet 6 inches tall and weighed approximately 367 pounds.  Skeen has her GED, and has past relevant work, including that of a sales associate.

On July 14, 2007, the ALJ issued an unfavorable opinion, denying Skeen disability benefits.  The ALJ's decision found that while Skeen had severe impairments of diabetes with retinopathy and obesity, and could not perform her past relevant work, she could perform work at the sedentary level with the limitation that the work not require fine attention to detail.

Skeen argues that the ALJ's decision was in error.  Specifically, Skeen argues the ALJ erred when he (1) failed to give proper weight to the medical opinions in the record; and (2) failed to make an appropriate RFC determination.

Specifically as to the weight the ALJ gave differing medical opinions in the record, Skeen argues that the ALJ failed to give sufficient weight to the medical opinion of Sharon Rose, Skeen's treating nurse practitioner from 2004 to 2007. As a nurse practitioner, Nurse Rose is not considered an "acceptable medical source" under the Code of Federal Regulations, but rather, is considered an "other medical source." 20 C.F.R. § 404.1513. As an "other medical source," the opinions of Nurse Rose cannot establish the existence of a medically determinable impairment, but can be considered in determining the severity and functional effects of Skeen's impairments. See section 404.1513 (defining "acceptable medical sources" and "other medical sources"). Further, the ALJ has more discretion, and is permitted to consider any inconsistencies found within the record when evaluating "other medical sources." Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005). See also Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007) (discussing "other medical sources" and weight given to their opinions).

Here, the ALJ did specifically consider and gave some weight to the opinions and treatment records of Nurse Rose as they relate to the severity and functional effects of Skeen's impairments. In discounting portions of Nurse Rose's opinions, the ALJ properly considered evidence from the record as a whole, including the opinions of "acceptable medical sources," such as Skeen's examining physicians, Drs. Greenberg and Tako. The ALJ gave valid reasons for discounting the opinions of Nurse Rose, finding that these opinions were inconsistent with the medical records as a whole, including the records from "acceptable medical sources." An ALJ is entitled to discount the opinion even of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Based on the foregoing, this court finds there is substantial evidence in the record to support the ALJ's decision on the weight given to the differing medical opinions in the record, including those of Nurse Rose.

Skeen's basis for challenging the ALJ's Residual Functional Capacity (hereinafter "RFC") is primarily the ALJ's discounting of the opinions of Nurse Rose. As set forth above, the ALJ did give some weight to Nurse Rose's opinions, but did not err in discounting those opinions that the ALJ found to be inconsistent with the record as a whole. Further, the ALJ properly considered the opinions of examining physicians, including Drs. Greenberg and Tako, in

3

determining Skeen's RFC. The ALJ specifically considered the limitations that Dr. Tako opined would limit Skeen's ability to do work. Dr. Tako opined that Skeen could not stand for eight hours in a normal workday or sit eight hours in a normal workday, and would need to alternate between sitting and standing about once per hour, and elevate her legs whenever possible. The ALJ also noted Dr. Tako's opinion that, despite her impairments and limitations, Skeen would need to miss work no more than once per month if she properly took her medications. In determining Skeen's RFC, the ALJ properly considered Dr. Tako's limitations in determining that Skeen could do sedentary work. See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (holding that sedentary work is a significant limitation which revealed that the ALJ gave some credit to the doctor's opinions concerning the claimant's limitations). Moreover, the ALJ specifically considered the limitations set forth by Skeen's doctors in suggesting further limitations within the sedentary RFC. The ALJ determined that within the sedentary RFC, Skeen could do no work that would require fine attention to visual detail to accommodate her history of vision difficulties, and noting that Skeen needs to elevate her legs throughout the day on her breaks and lunch hour to prevent swelling. Skeen's argument that the record is not sufficiently developed to support that she would be able to sufficiently elevate her legs on breaks and on her lunch hour is without merit. The ALJ's determination on this issue is supported by substantial evidence in the record, including the opinions of Dr. Tako and Nurse Rose. Dr. Tako noted only that Skeen should elevate her legs whenever possible, and Nurse Rose did not specify how often Skeen would need to elevate her legs. See Vandeboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (holding that an ALJ may consider that the claimant's treating doctors did not impose the restrictions which the claimant claims he had).

As to Skeen's allegation that the ALJ did not properly consider the further limitations caused by her asthma in the RFC, this court finds that the record supports that Skeen's RFC did not require additional restrictions for asthma. The ALJ properly determined that the record shows Skeen's asthma did not result in any significant limitation of function.

Finally, Skeen's allegation that the court did not properly consider the effects of her obesity is without merit. The ALJ found Skeen's obesity was a severe impairment, and considered it throughout the sequential evaluation process. The ALJ included evaluation of

4

Skeen's obesity in combination with her other severe and nonsevere impairments in determining whether she was disabled.  See Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992) (an ALJ sufficiently considers impairments in combination when he separately discusses each impairment, the complaints of pain, and the daily activities, and then makes a finding that the impairments did not prevent the claimant from performing work); 20 C.F.R. § 404.1523.  There is substantial evidence in the record to support the ALJ's determination that Skeen's obesity did not prohibit her from being able to perform sedentary work.

Therefore, this court finds there is substantial evidence in the record as a whole to support the ALJ's RFC determination that Skeen could do sedentary work.  See 20 C.F.R. § 404.1567(a) (defining sedentary work as involving lifting no more than ten pounds and occasional standing and walking).

Accordingly, it is hereby ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.  [3]

Dated this 24th day of March, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge